IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-452-FL

| | | |
|---|---|---|
| REBECCA HARPER, AMY CLARE OSEROFF, DONALD RUMPH, JOHN BALLA, RICHARD R. CREWS, LILY NICOLE QUICK, GETTYS COHEN, JR., SHAWN RUSH, JACKSON THOMAS DUNN, MARK S. PETERS, JOSEPH THOMAS GATES, KATHLEEN BARNES, VIRGINIA WALTERS BRIEN, and DAVID DWIGHT BROWN, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| DAVID R. LEWIS, Representative, in his official capacity as Sr. Chair of the House Select Committee on Redistricting; RALPH HISE in his official capacity as Co-Chair of the Senate Committee on Redistricting; WARREN DANIEL in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting; PAUL NEWTON in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting; TIMOTHY K. MOORE Speaker of the NC House of Representatives; PHILIP E. BERGER President Pro Tempore of the NC Senate; THE NORTH CAROLINA STATE BOARD OF ELECTIONS; DAMON CIRCOSTA in his official capacity as Chairman of the NC State Board of Elections; STELLA ANDERSON in her official capacity as Secretary of the NC Board of Elections; KENNETH RAYMOND in his official capacity as Member of the NC State Board of Elections; DAVID C. BLACK in official capacity as Member of the NC State Board of Elections; and JEFF CARMON in his official capacity as Member of the NC State Board of Elections, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiffs' emergency motion to remand and to expedite resolution of motion to remand (DE 18). Defendants Philip E. Berger, Warren Daniel, Ralph Hise, David R. Lewis, Timothy K. Moore, and Paul Newton (collectively, the "Legislative Defendants") responded in opposition to the motion. Defendants Stella Anderson, David C. Black, Jeff Carmon, Damon Circosta, Kenneth Raymond, and the North Carolina State Board of Elections (collectively, the "State Board of Elections Defendants") responded in support of the motion. For the following reasons, the motion is granted.

## STATEMENT OF THE CASE

Plaintiffs commenced this action in Superior Court of Wake County on September 27, 2019, asserting that a congressional districting plan enacted by the North Carolina General Assembly in 2016 (the "2016 Plan") is an unconstitutional and invalid partisan gerrymander under the North Carolina Constitution. In their first claim, plaintiffs assert that the 2016 plan violates the North Carolina Constitution, Free Elections Clause, Art. I, § 10, in part, because it draws "election districts for partisan purposes and a desire to preserve power" and to "predetermine election outcomes in specific districts." (Compl. ¶ 127).

In their second claim, plaintiffs assert that the 2016 plan violates the North Carolina Constitution, Equal Protection Clause, Art. I, § 19, in part, because of its "intentional classification of, and discrimination against, Democratic voters." (Compl. ¶ 134). In their third claim, plaintiffs assert that the 2016 plan violates the North Carolina Constitution, Freedom of Speech and Assembly Clauses, Art. I, §§ 12 & 14, in part, by "burdening protected expression based on viewpoint by making Democratic votes less effective, and by eroding the ability of Democratic voters to "instruct and obtain redress from their members of Congress." (Compl. ¶¶ 141-142).

Plaintiffs seek the following relief from the state court, sitting as a three-judge panel:

  a. Declare that the 2016 Plan is unconstitutional and invalid because it violates the rights of Plaintiffs and all Democratic voters in North Carolina under the North Carolina Constitution's Free Elections Clause, Art. I, § 10; Equal Protection Clause, Art. I, § 19; and Freedom of Speech and Freedom of Assembly Clauses, Art. I, §§ 12 & 14;

  b. Enjoin Defendants, their agents, officers, and employees from administering, preparing for, or moving forward with the 2020 primary and general elections for Congress using the 2016 Plan;

  c. Establish a new congressional districting plan that complies with the North Carolina Constitution, if the North Carolina General Assembly fails to enact new congressional districting plans comporting with the North Carolina Constitution in a timely manner;

  d. Enjoin Defendants, their agents, officers, and employees from using past election results or other political data in any future redistricting of North Carolina's congressional districts to intentionally dilute the voting power of citizens or groups of citizens based on their political beliefs, party affiliation, or past votes.

  e. Enjoin Defendants, their agents, officers, and employees from otherwise intentionally diluting the voting power of citizens or groups of citizens in any future redistricting of North Carolina's congressional districts based on their political beliefs, party affiliation, or past votes.

  f. Grant Plaintiffs such other and further relief as the Court deems just and appropriate.

(Compl. (DE 5-1) at 43-44).[1]

Plaintiffs are 14 individual registered Democrat voters. The Legislative Defendants are six members of the North Carolina Senate and House of Representatives named in their official capacities. The State Board of Elections Defendants are officers and members of the North Carolina State Board of Elections in their official capacities.

On October 14, 2019, the Legislative Defendants filed a notice of removal in this court. Attached to the notice of removal are copies of the state court pleadings and the following documents filed in state court: 1) plaintiffs' motion for expedited briefing and resolution of

---

[1] Page numbers in citations to the complaint specify the page numbers showing on the face of the underlying document rather than the page number designated in the court's electronic case filing (ECF) system.

plaintiffs' motion for a preliminary injunction; 2) plaintiffs' motion for a preliminary injunction, with exhibits thereto; 3) correspondence from plaintiffs' counsel to the state court; 4) correspondence from plaintiffs' counsel to Legislative Defendants' counsel; 5) notices of appearance; 6) a motion to intervene filed by three congressional representatives; 7) a case management order; 8) an order granting in part plaintiffs' motion for expedited proceedings; and 9) Legislative Defendants' notice of filing of notice of removal, along with civil cover sheet and supplemental removal cover sheet. In addition, the Legislative Defendants rely upon the following documents in support of their notice of removal: 1) transcript of testimony in bench trial in the case Harris v. McCrory, No. 1:13-CV-949 (M.D.N.C.); and 2) an expert report and exhibit filed in the case Common Cause v. Rucho, No. 1:16-CV-1026 (M.D.N.C.).

Plaintiffs filed the instant emergency motion to remand and to expedite on October 15, 2019. In support of the motion, plaintiffs rely upon a memorandum of law and a brief filed in the case Common Cause v. Lewis, 18-CVS-014001 (Sup. Ct. Wake County).

Upon reassignment of the case to the undersigned on October 17, 2019,[2] the court directed the Legislative Defendants to file an expedited response to plaintiffs' motion by noon on October 21, 2019. The Legislative Defendants timely filed response in opposition to the instant motion. Also on October 21, 2019, the State Board of Elections Defendants filed a response to the instant motion stating that they agree that this matter should be remanded on an expedited basis.

---

[2] This case originally was assigned to Chief United States District Judge Terrence W. Boyle. Plaintiffs filed a notice of related case based upon the case Common Cause v. Lewis, 5:18-CV-589-FL (E.D.N.C.) ("Common Cause"), which case was removed to this court on December 14, 2018, and remanded by the undersigned on January 2, 2019. Defendants filed a response opposing the notice of related case on October 15, 2019. Appeals of the court's rulings in the Common Cause case remain pending before the United States Court of Appeals for the Fourth Circuit.

**DISCUSSION**

A.  Standard of Review

In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Id. "If federal jurisdiction is doubtful, a remand is necessary." Id.; see Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand").

B.  Analysis

Federal jurisdiction is doubtful, and remand is necessary, because this case is not justiciable in this court. The United States Supreme Court recently considered "whether claims of excessive partisanship in districting are 'justiciable' – that is, properly suited for resolution by the federal courts." Rucho v. Common Cause, 139 S.Ct. 2484, 2491 (2019). On this issue, the Supreme Court held that "partisan gerrymandering claims present political questions beyond the reach of the federal courts." Id. at 2506-07. "Federal judges have no license to reallocate political power between the two major political parties, with no plausible grant of authority in the Constitution, and no legal standards to limit and direct their decisions." Id. at 2507. "Consideration of the impact of [the Supreme Court's] ruling on democratic principles cannot ignore the effect of the unelected and politically unaccountable branch of the Federal Government assuming such an extraordinary and unprecedented role." Id. at 2507. In so holding, the Supreme Court noted:

> Our conclusion does not condone excessive partisan gerrymandering. Nor does our conclusion condemn complaints about districting to echo into a void. The States,

> for example, are actively addressing the issue on a number of fronts. . . . Provisions in state statutes and state constitutions can provide standards and guidance for state courts to apply.

Id. at 2507 (internal citations omitted). Accordingly, in Rucho, the Supreme Court vacated judgments of two federal district courts, and remanded the cases with instructions to dismiss for lack of jurisdiction partisan gerrymandering claims asserted therein. Id. at 2508.

Rucho forecloses jurisdiction of this court over the instant action. Plaintiffs claims are based exclusively on a theory of "partisan gerrymandering." (Compl. ¶¶ 1, 2, 4, 76, 126, 127, 133, 139; pp. 34-35). "[P]artisan gerrymandering claims present political questions beyond the reach of the federal courts." Rucho, 139 S.Ct. at 2506-07. Accordingly, this court lacks jurisdiction over this matter. Id. at 2508. Thus, where the court lacks jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c).

The Legislative Defendants argue that Rucho is inapposite because the claims in that case were brought under the United States Constitution whereas the claims in the instant case are brought under the North Carolina Constitution. But this provides more reason, not less, to doubt jurisdiction in the instant matter. "Provisions in state statutes and state constitutions can provide standards and guidance <u>for state courts to apply</u>." Id. at 2507 (emphasis added). They do not provide a renewed basis for federal courts such as this one to wade into an area that Rucho characterized as "one of the most intensely partisan aspects of American political life." 139 S.Ct. at 2507. In Rucho, the Supreme Court confirmed, without qualification, that there is no "appropriate role for the Federal Judiciary in remedying the problem of partisan gerrymandering—<u>whether such claims are claims of legal right, resolvable according to legal principles, or political questions that must find their resolution elsewhere</u>." Id. at 2494 (quotations omitted; emphasis added). Thus, where there is no "appropriate role for the Federal Judiciary," id., it is immaterial whether the partisan gerrymandering claims are couched in state or federal law.

6

Defendants suggest that because they have removed on the basis of the "refusal" clause of 28 U.S.C. § 1443(2), this provides an independent basis for this court to exercise jurisdiction over plaintiffs' partisan gerrymandering claims.  This argument misses the mark for multiple reasons.  First, it is doubtful that the "refusal" clause can serve to resurrect for federal court adjudication an otherwise non-justiciable claim, where non-justiciability is based upon the "Article III of the Constitution," which "limits federal courts to deciding 'cases' and 'controversies.'"  Rucho, 139 S.Ct. at 2493.

Second, cases cited by defendants in support of their argument are inapposite. For example, Haywood v. Drown, 556 U.S. 729, 735 (2009), confirms that state courts have "concurrent" jurisdiction with the federal courts to decide questions of federal law.  It does not speak to a federal court's ability to decide state law political questions. See id.  If anything, Haywood illustrates the breadth of state court jurisdiction compared to the limited nature of federal court jurisdiction. "Fundamental to our federal system is the principle that federal courts are courts of limited jurisdiction."  Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 432 (4th Cir. 2014) (quotations omitted). Likewise, this court's decision in Cavanaugh v. Brock, 577 F. Supp. 176 (E.D.N.C. 1983), is unhelpful, because it does not address the central issue now presented in this case, whether the non-justiciability of partisan gerrymandering claims precludes federal court jurisdiction over such claims.

Third, even if the "refusal" clause could in theory provide independent federal court jurisdiction over partisan gerrymandering claims, it is doubtful that the "refusal" clause is applicable in this case. Many shortcomings in "refusal" clause jurisdiction identified in the court's previous decision in Common Cause remain applicable here. For example, 28 U.S.C. § 1443 remains a "text of exquisite obscurity,"  with neither the Supreme Court nor the Fourth Circuit

having interpreted the "refusal" clause since 1966. Common Cause, 358 F. Supp. 3d at 510. This court now has twice doubted the applicability of the "refusal" clause to attempted removals by legislators in actions challenging legislative districting. Id.; Stephenson v. Bartlett, 180 F.Supp.2d 779 (E.D.N.C. 2001). While the court's decision in Common Cause still is pending on appeal, oral argument has not been scheduled. See No. 19-1091 (4th Cir.). Defendants' recourse to Cavanaugh and other cases addressed previously by the court in Common Cause does not alleviate the court's doubts.

In addition, it is again uncertain and speculative that Legislative Defendants have removed to this court "for refusing to do any act on the ground that it would be inconsistent with" equal protection laws. 28 U.S.C. § 1443(2). Defendants propose that they need only demonstrate that there is a "colorable conflict" between federal law, on the one hand, and plaintiffs' "interpretation of state law" and "proposed remedy," on the other hand. (Legislative Defendants' Opp. (DE 25) at 12)). This court previously expressed doubt over the correctness of this standard, in Common Cause. See 358 F.Supp.3d at 513. Now, after Rucho, the court further doubts whether a partisan gerrymandering claim can be entertained in federal court on the basis of a mere asserted "colorable conflict" between federal law and state law. Rather, the plain language of the statute requires that defendants remove to this court "for refusing to do any act on the ground that it would be inconsistent with" equal protection laws. 28 U.S.C. § 1443(2) (emphasis added).

In any event, it remains "uncertain and speculative whether the ultimate relief sought in plaintiffs' complaint in the form of new plans comporting with the North Carolina Constitution would conflict with federal law." Common Cause, 358 F.Supp.3d at 513 (quotations omitted); see Compl. p. 43. For example, the Legislative Defendants suggest that reducing black voting age population from Congressional District 1 would violate section 2 of the Voting Rights Act

("VRA").[3]  (Legislative Defendants' Opp. (DE 25) at 13-14)).  But it is doubtful that the VRA applies to Congressional District 1 in light of the Supreme Court's decision in Cooper v. Harris. 137 S.Ct. 1455 (2017) (finding VRA § 2 requirements inapplicable to Congressional District 1). Defendants also argue that VRA "Section 2 plaintiffs can cite the Fourth Circuit's finding of severe polarized voting" in N. Carolina State Conference of NAACP v. McCrory, 831 F.3d 204, 225 (4th Cir. 2016), in advancing a claim to challenge new congressional districts under VRA § 2 or the Equal Protection Clause. (Legislative Defendants' Opp. (DE 25) at 14-15)).  They further suggest that no state court order compelling new districting could "immunize resulting redistricting legislation from an intent-based claim" under the Equal Protection Clause.  (Id. (citing Abbott v. Perez, 138 S.Ct. 2305, 2327 (2018)).  But, imagining arguments that could be asserted by some hypothetical plaintiff in some hypothetical future case, challenging new districts that have yet to be drawn, tends to increase, rather than reduce, the uncertain and speculative nature of the asserted conflict between state law and federal law in this case.

In sum, federal jurisdiction is doubtful for multiple reasons.  Therefore, remand is necessary.

## CONCLUSION

Based on the foregoing, plaintiffs' emergency motion to remand and to expedite resolution of motion to remand (DE 18) is GRANTED.  This case is REMANDED to the General Court of Justice, Superior Court Division, Wake County, North Carolina, for further proceedings.  The clerk is DIRECTED to transmit a certified copy of this order to the clerk of the General Court of Justice, Superior Court Division, Wake County, North Carolina, and to file in this case a copy of the clerk's

---

[3]   Section 2 of the VRA prohibits any "standard, practice, or procedure" that "results in a denial or abridgment of the right . . . to vote on account of race."  52 U.S.C. § 10301(a).

transmittal letter with certified copy of the instant order. The court will retain jurisdiction in this case only insofar as plaintiff may desire to purse an award of costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c).

    SO ORDERED, this the 22nd day of October, 2019.

                                              LOUISE W. FLANAGAN
                                              United States District Judge