IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-452-FL

| | | |
|---|---|---|
| REBECCA HARPER, AMY CLARE OSEROFF, DONALD RUMPH, JOHN BALLA, RICHARD R. CREWS, LILY NICOLE QUICK, GETTYS COHEN, JR., SHAWN RUSH, JACKSON THOMAS DUNN, MARK S. PETERS, JOSEPH THOMAS GATES, KATHLEEN BARNES, VIRGINIA WALTERS BRIEN, and DAVID DWIGHT BROWN, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | ORDER |
| DAVID R. LEWIS, Representative, in his official capacity as Sr. Chair of the House Select Committee on Redistricting; RALPH HISE in his official capacity as Co-Chair of the Senate Committee on Redistricting; WARREN DANIEL in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting; PAUL NEWTON in his official capacity as Co-Chair of the Senate Standing Committee on Redistricting; TIMOTHY K. MOORE Speaker of the NC House of Representatives; PHILIP E. BERGER President Pro Tempore of the NC Senate; THE NORTH CAROLINA STATE BOARD OF ELECTIONS; DAMON CIRCOSTA in his official capacity as Chairman of the NC State Board of Elections; STELLA ANDERSON in her official capacity as Secretary of the NC Board of Elections; KENNETH RAYMOND in his official capacity as Member of the NC State Board of Elections; DAVID C. BLACK in official capacity as Member of the NC State Board of Elections; and JEFF CARMON in his official capacity as Member of the NC State Board of Elections, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiffs' motion for attorney fees and costs (DE 39). Defendants Philip E. Berger, Warren Daniel, Ralph Hise, David R. Lewis, Timothy K. Moore, and Paul Newton (collectively, the "Legislative Defendants") responded in opposition to the motion, and plaintiffs replied. On December 30, 2019, the court held in abeyance ruling on the motion until entry of decision and mandate on the appeal in the case Common Cause v. Lewis, No. 5:18-CV-589-FL (E.D.N.C.), No. 19-1091, 19-0194 (4th Cir.) ("Common Cause"). Where mandate in Common Cause now has been entered, the issues raised are ripe for ruling. For the following reasons, plaintiffs' motion is denied.

## STATEMENT OF THE CASE

Plaintiffs commenced this action in Superior Court of Wake County on September 27, 2019, asserting that a congressional districting plan enacted by the North Carolina General Assembly in 2016 (the "2016 Plan") is an unconstitutional and invalid partisan gerrymander under the North Carolina Constitution. Plaintiffs sought the following relief from the state court, sitting as a three-judge panel:

> a. Declare that the 2016 Plan is unconstitutional and invalid because it violates the rights of Plaintiffs and all Democratic voters in North Carolina under the North Carolina Constitution's Free Elections Clause, Art. I, § 10; Equal Protection Clause, Art. I, § 19; and Freedom of Speech and Freedom of Assembly Clauses, Art. I, §§ 12 & 14;
>
> b. Enjoin Defendants, their agents, officers, and employees from administering, preparing for, or moving forward with the 2020 primary and general elections for Congress using the 2016 Plan;
>
> c. Establish a new congressional districting plan that complies with the North Carolina Constitution, if the North Carolina General Assembly fails to enact new congressional districting plans comporting with the North Carolina Constitution in a timely manner;
>
> d. Enjoin Defendants, their agents, officers, and employees from using past election results or other political data in any future redistricting of North Carolina's congressional districts to intentionally dilute the voting power of citizens or groups of citizens based on their political beliefs, party affiliation, or past votes.

e. Enjoin Defendants, their agents, officers, and employees from otherwise intentionally diluting the voting power of citizens or groups of citizens in any future redistricting of North Carolina's congressional districts based on their political beliefs, party affiliation, or past votes.

f. Grant Plaintiffs such other and further relief as the Court deems just and appropriate.

(Compl. (DE 5-1) at 43-44).[1]

Plaintiffs are 14 individual registered Democrat voters. The Legislative Defendants are six members of the North Carolina Senate and House of Representatives named in their official capacities. Remaining defendants are officers and members of the North Carolina State Board of Elections in their official capacities.

On October 14, 2019, the Legislative Defendants filed a notice of removal in this court, asserting federal subject matter jurisdiction pursuant to the Refusal Clause of 28 U.S.C. § 1443(2), claiming that this case is an action "against state officials 'for refusing to do any act on the ground that [it] would be inconsistent' with 'any [federal] law providing for equal rights.'" (Notice of Removal (DE 5) ¶ 6). Plaintiffs filed an emergency motion to remand and to expedite on October 15, 2019. Legislative Defendants filed an expedited opposition to the motion to remand, as directed by the court, on October 21, 2019. Remaining defendants filed a response to the remand motion stating that they agreed that this matter should be remanded on an expedited basis.

On October 22, 2019, this court granted plaintiffs' motion to remand and to expedite, and remanded this action to the General Court of Justice, Superior Court Division, Wake County, North Carolina ("Wake County Superior Court"). See Harper v. Lewis, No. 5:19-CV-452-FL, 2019 WL 5405279, at *5 (E.D.N.C. Oct. 22, 2019). The court retained jurisdiction in the case only insofar as plaintiff sought to pursue an award of costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c).

---

[1] Page numbers in citations to the complaint specify the page numbers showing on the face of the underlying document rather than the page number designated in the court's electronic case filing (ECF) system.

3

Plaintiffs filed the instant motion for attorneys' fees and costs on November 27, 2019, relying upon affidavits of counsel for plaintiffs, as well as the affidavit of Robert M. Elliot, an attorney practicing law in North Carolina. Plaintiffs seek an award of attorneys' fees and costs in the amount of $36,404.30. The Legislative Defendants responded in opposition on December 16, 2019, relying upon 1) an order entered by Wake County Superior Court in the instant matter on October 28, 2019; 2) a memorandum in support of plaintiffs' emergency motion to remand filed December 17, 2018, in the Common Cause action; and 3) correspondence between counsel dated October 18, 2019. Plaintiffs replied in support of the instant motion on December 20, 2019.

On its own initiative, on December 30, 2019, the court held in abeyance ruling on the instant motion until the United States Court of Appeals for the Fourth Circuit entered a decision and mandate on the appeal in Common Cause. Mandate entered May 8, 2020.

**COURT'S DISCUSSION**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c).

Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

In addressing a request for attorney's fees in the context of remand, this court has looked to whether removing defendants "provided detailed arguments and 'comprehensively briefed the issues arising from their removal, including with reference to a wide range of case law.'" Common Cause v. Lewis, 956 F.3d 246, 257 (4th Cir. 2020) (quoting Common Cause v. Lewis, 358 F. Supp.

4

3d 505, 515 (E.D.N.C. 2019)). The Fourth Circuit also has looked to whether "[w]ithin our Circuit, indeed within North Carolina, there is precedent for a defendant to remove . . . litigation to federal court under the" basis advanced in the notice of removal. Id.

Where the Legislative Defendants grounds for removal in Common Cause are substantially similar to the grounds asserted in the instant case, the court adheres to its assessment in Common Cause, now affirmed by the court of appeals, that Legislative Defendants raised an objectively reasonable basis for removal. See id. At the time of removal in this action, the court's remand order in Common Cause was pending on appeal and set for oral argument. Accordingly, Legislative Defendants' reliance upon grounds substantially similar to those asserted in Common Cause for removal, where those grounds were subject of their appeal, was not objectively unreasonable. The court writes separately here to address differences between this case and Common Cause, and whether those differences compel a contrary outcome on the instant motion for attorneys' fees.

One significant difference between this case and Common Cause is the intervening decision by the United States Supreme Court in Rucho v. Common Cause, 139 S.Ct. 2484, 2491 (2019), where the court stated that "partisan gerrymandering claims present political questions beyond the reach of the federal courts." Id. at 2506-07. Based upon Rucho, this court determined in the instant case that remand was required because this court lacks subject matter jurisdiction over the matter. 2019 WL 5405279, at *3.

Although Rucho provided a unique basis for remand in this case, Legislative Defendants raised objectively reasonable arguments for limiting Rucho. They argued that Rucho is inapposite because the claims in that case were brought under the United States Constitution whereas the claims in the instant case were brought under the North Carolina Constitution. Legislative

5

Defendants also suggested that because they removed on the basis of the Refusal Clause of 28 U.S.C. § 1443(2), this served as an independent basis to exercise jurisdiction over plaintiff's partisan gerrymandering claims. Rucho addressed neither scenario directly, and Legislative Defendants based their arguments on limitations in the holding in Rucho and in jurisdictional principles with citation to case law. (See Leg. Defs' Opp. (DE 25) at 17-18). Moreover, the Fourth Circuit recently opined in Common Cause that its rulings with respect to Refusal Clause jurisdiction did not "depend on Rucho since those plaintiffs' claims were brought under the U.S. Constitution instead of the North Carolina Constitution," 956 F.3d at 255 n. 8, echoing the limitation on Rucho advanced by the Legislative Defendants here. Accordingly, Rucho does not render the Legislative Defendants' removal objectively unreasonable.

Another significant difference between this case and Common Cause is the asserted conflict between plaintiff's demand for relief and federal equal rights law, where Common Cause involved the re-creation of state legislative districts and the instant case involves re-creation of congressional districts. However, this difference did not render the Legislative Defendants' arguments any less objectively reasonable. Here, the Legislative Defendants suggested that reducing black voting age population from Congressional District 1 could conflict with section 2 of the Voting Rights Act ("VRA"), 52 U.S.C. § 10301(a), and the Equal Protection Clause. (Notice of Removal (DE 5) ¶¶ 25-42; Leg. Defs' Opp. (DE 25) at 13-15)). They supported this argument through detailed factual and legal arguments, including by reference to relevant authority, such as N.C. State Conference of NAACP v. McCrory, 831 F.3d 204, 214 (4th Cir. 2016), Bethune-Hill v. Virginia State Bd. of Elections, 137 S. Ct. 788, 802 (2017), and Bartlett v. Strickland, 556 U.S. 1, 13 (2009), and quotation of pertinent propositions such as "a showing that a State intentionally drew district lines in order to destroy otherwise effective crossover districts . . . would raise serious

questions under both the Fourteenth and Fifteenth Amendments." Id. at 24. While this court ultimately determined that defendants' asserted conflict was too "uncertain and speculative" to cure a doubtful assertion of federal jurisdiction, 2019 WL 5405279, at *5, it was nonetheless well within the range of objectively reasonable advocacy in favor of removal.

Plaintiffs point out that Legislative Defendants fail to respond to the fact that plaintiff Lewis "stated at legislative hearings, just weeks after the removal here, that Legislative Defendants lacked evidence that the Voting Rights Act's prerequisites were met for any congressional district." (Reply (DE 43) at 2 n. 1). Plaintiffs suggest this constitutes a form of estoppel or judicial admission that forecloses Legislative Defendants' position on the instant motion. However, the statement by one plaintiff during a legislative session, regarding a lack of evidence, does not constitute a judicial admission concerning the key issue asserted in support of removal: whether there was "a 'colorable conflict' between federal law, on the one hand, and plaintiffs' 'interpretation of state law' and 'proposed remedy,' on the other hand." 2019 WL 5405279, at *4 (quoting Leg. Defs' Opp. (DE 25) at 12) (emphasis added). As Legislative Defendants noted in support of this argument, they need not have "proven" a conflict existed, under this standard, only that a ground for a colorable conflict existed. (See id. at 17). While the court ultimately determined this standard was not met, the argument nonetheless was supported by caselaw and was objectively reasonable.

In sum, while plaintiffs advanced multiple strong arguments in support of remand, Legislative Defendants supported removal with detailed and objectively reasonable arguments. It is important to the court's determination of the instant motion that Legislative Defendants' arguments were raised in the context of a statute that had not been interpreted by the Fourth Circuit or Supreme Court for almost forty years, which had been only rarely tested since then, and which

had served as the basis for removal in this court Cavanaugh v. Brock, 577 F. Supp. 176 (E.D.N.C. 1983). Where, at the time of the instant removal, Legislative Defendants had advanced multiple arguments on appeal of all aspects of this court's decision in Common Cause, and that case was already scheduled for oral argument, it was not objectively unreasonable for Legislative Defendants to reiterate substantially similar positions in the instant case.

Accordingly, because plaintiffs have not demonstrated an objectively unreasonable basis for removal, and because there are no other reasons to justify departure from the requisite standard for attorneys' fees, plaintiffs' motion is denied. For the same reasons, plaintiffs' request for attorneys' fees under Rule 11, premised on the same grounds as attorneys' fees under 28 U.S.C. § 1447(c), is denied.

## CONCLUSION

Based on the foregoing, plaintiffs' motion for attorneys' fees and costs (DE 39) is DENIED.

SO ORDERED, this the 8th day of May, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge